

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 22, 2016

By ECF and Hand Delivery

Honorable Joanna Seybert
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Hill v. Laird *et al*.
                No. cv-06-0126 (Seybert, J.) (Shields, M.J.)

Dear Judge Seybert:

      This Office writes on behalf of Defendants Paul Laird, former Warden of the Metropolitan Detention Center, Brooklyn; Judd Clemens ("Clemens"), former Associate Warden; Patrick McFarland ("McFarland"), former Case Manager; and Gregory Henderson, Senior Officer (collectively, "Defendants") to oppose plaintiff's June 13, 2016 "Motion to Amend or Correct the Complaint" (referred to as "Mot." or "Motion"). Dkt. No. 188. In his Motion, plaintiff seeks leave to add Correctional Officer Hughes ("Hughes") as a defendant in this action.[1] Defendants object to plaintiff's Motion for the reasons set forth below.

      Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." In *Forman v. Davis*, 371 U.S. 178 (1962), the Supreme Court noted that leave to amend may be denied in cases of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Forman*, 371 U.S. at 182. Consequently, district courts have discretion to deny a motion seeking leave to file an amended pleading where such would cause undue delay or prejudice. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) ("The [district] court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the [non-moving party]."); *Krumme v. Westpoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) ("One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action. Furthermore, a proposed amendment . . . [is] especially prejudicial . . . [when] discovery had already been completed and [non-movant] had already filed a motion for summary judgment.")

---

[1] Although plaintiff does not identify Hughes by his first name, the government assumes that plaintiff is referring to former Correctional Officer Ralph Hughes.

(citations and internal quotations omitted); *Zahra v. Town of Southold*, 48 F.3d 674, 685-686 (2d Cir. 1995) (affirming denial of leave to amend because undue delay existed where motion to amend was filed 2.5 years after case commenced and three months before trial); *NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.*, 262 F. Supp. 2d 134, 150-151 (S.D.N.Y. 2003) (denying leave to amend pleading on the grounds that, *inter alia*, (1) the moving party "waited nearly two years to seek leave to file an Amended Complaint," (2) amendment would be "prejudicial because it is brought at a late stage of the litigation after discovery has been completed and only in response to the defendant's motion for summary judgment" and (3) defendant would be prejudiced by reopening discovery); *Cuccolo v. Lipsky, Goodkin Co.*, No. No. 92 Civ. 2716, 1994 WL 381596, at *1-*2 (S.D.N.Y. July 21, 1994) (denying leave to amend pleading on the grounds that, *inter alia*, such amendment (1) would require additional discovery after the time for discovery had ended, (2) would delay a case that was "trial ready," (3) was untimely made 1.5 years after plaintiffs possessed information that would have permitted them to seek to amend and (4) lacked satisfactory explanation for the delay).

If plaintiff is given leave to amend on the eve of trial[2] it would substantially prejudice not only the existing Defendants but also the defendant to be added (Hughes). It would prejudice the existing Defendants by causing them to adjust their litigation strategy in an abbreviated time frame immediately before trial and it would deprive them of the opportunity to conduct discovery to analyze and probe plaintiff's claims before trial. It also would substantially prejudice Hughes, the defendant to be added, because Hughes would be rushed to trial without an opportunity to conduct any discovery about the claims against him or file any potentially dispositive motions.

Here, plaintiff seeks leave to file an amended complaint to add Hughes as a defendant more than ten years after he commenced this action on January 6, 2006, and well after the December 8, 2009 deadline for discovery, the June 14, 2013 and February 29, 2016 deadlines for summary judgment motions,[3] and less than two months before trial. *See* Orders dated July 30, 2009 (Dkt. No. 49), May 24, 2013 (Dkt. No. 106) and January 28, 2016 (Dkt. No. 147). Plaintiff seeks to add Hughes as a defendant even though the Court has already resolved Defendants' summary judgment motions. *See* Memorandum & Order dated on March 31, 2014 and June 13, 2016 (Dkt. Nos. 125 and 186).

Plaintiff offers no reason why he waited more than ten years since he commenced this action to add Hughes as a defendant. Plaintiff conceded at his deposition on December 23, 2009, that he was aware that he had failed to name Hughes as a defendant. Mot. at 7 of 9. Even though he was aware of his own failure to name this defendant seven years ago, plaintiff did not

---

[2] The Court has stated that it would not adjourn the trial. Dkt. Entry dated June 13, 2016.

[3] Although the Court did not set a specific deadline for amending pleadings, such orders implicitly required pleadings to be amended before the deadline for summary judgment. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000).

2

take any action in those intervening seven years – during which plaintiff vigorously litigated this action – to correct this alleged oversight.[4]

Despite the long delay in filing his motion, plaintiff argues that Hughes, in fact, had notice of the lawsuit.  However, plaintiff's assertion is completely speculative and lacks merit for three reasons.  First, Hughes stopped working for the Federal Bureau of Prisons ("BOP") on

---

[4] Plaintiff claims that he "meant" to name Hughes as a defendant.  Plaintiff testified as follows at his deposition:

> Q	Why do you mention Hughes in this case?
> A	In the lawsuit?
> Q	Yeah.
> A	Because I meant to name him.  And I was actually surprised that I didn't name him.  And I think that the person I had type it up may have inadvertently missed his name.

Hill Dep. Tr. 332 (attached hereto as Ex. 1).

However, plaintiff's claim that he intended to name Hughes lacks merit as his assertion conflicts with other testimony at his deposition.  Plaintiff testified at his deposition as follows:

> Q	You've filed this complaint against eight defendants.  I'll name them.  You don't include their full names, but I have the names.  I'll read them into the record just so we have them.
> Warden Paul Laird.
> Associate Warden Jud[d] Clemens.
> Captain Rick Schoenfelder.
> Lieutenant Frank Maldonado.
> Case Manager Patrick McFarland.
> DHO is disciplinary hearing officer; is that right?
> A	That's correct.
> Q	Daniel Garcia. Correctional officer -- CO is correctional officer; right?
> A	That's correct.
> Q	Terrell Wheeless.  And CO Gregory Henderson; is that right?
> A	That is correct, sir.
> Q	Those are the defendants you are *intending on naming in this lawsuit*?
> A	At this time that is correct, sir.

Hill Dep. Tr. 53-54 (Ex. 1) (emphasis added).  In fact, plaintiff specifically admitted at his deposition that Hughes was *not* a defendant in this lawsuit.  Plaintiff testified as follows:

> Q	You've raised a number of allegations regarding Hughes; right?
> A	Yeah.
> Q	About not cleaning up your cell, calling you "Peaches", the harassment.
> A	No.  He wanted me to call him "Peaches".
> Q	He is not a defendant in this lawsuit, is he?
> A	Unfortunately.

Hill Dep. Tr. 332 (Ex. 1).

3

October 31, 2005 -- more than two months before plaintiff commenced this action. Thus, Hughes would not have had knowledge of the lawsuit while he worked for the BOP.

Second, plaintiff relies on a New York Daily News article in support of his assertion that Hughes had notice of this action. Plaintiff's claim again lacks merit. The article, which appears to be dated 2007, states that Hill has "sued the Bureau of Prisons claiming he was sexually harassed by a male guard who demanded to be called 'Peaches.'" *See* Mot. at Ex. A (page 2 of 9). However, in this action, plaintiff did not sue the Bureau of Prisons, but eight prison officials in their individual capacity. *See* Compl. (Dkt. No. 1). Further, the newspaper article does not even identify Hughes by name. Contrary to plaintiff's claim, the newspaper article would not have provided Hughes with any reason to believe he was a defendant in this lawsuit – or that he could be if the lawsuit described in the newspaper article was against the BOP as an institution and not against individual BOP employees.

Finally, even if plaintiff had informed the undersigned Assistant U.S. Attorney that he "meant" to name Hughes as a defendant to be sued in his individual capacity (as asserted in Plaintiff's Motion at 7 of 9), plaintiff never properly served notice of this lawsuit on Hughes himself. To properly serve Hughes as an individual defendant, the Federal Rules require service on the United States as well as service on the individual. *See* Fed. R. Civ. P. 4(e) and 4(i)(3). At no point has plaintiff served Hughes with the complaint. Further, because Hughes never was a party to this action, this Office never was (and still is not) authorized to represent him.

In sum, plaintiff has failed to demonstrate good cause for his requested amendment and his proposed amendment would unduly prejudice Hughes, the Defendants and further delay this action beyond what is reasonable in light of the current stage of the litigation. For these reasons, the Court should deny plaintiff's request to amend the complaint to add Hughes as a defendant.

    Respectfully submitted,

    ROBERT L. CAPERS
    United States Attorney

By:   s/ James R. Cho
    James R. Cho
    Seth Eichenholtz
    Assistant United States Attorneys
    718-254-6519/7036
    james.cho@usdoj.gov
    seth.eichenholtz@usdoj.gov

Enclosure

To:    Demetrius Hill (by overnight courier service)
       (w/ enclosure and unpublished case cited herein)
       No. 68133-053
       Metropolitan Correctional Center
       150 Park Row
       New York, New York 10007

       Nicholas Gregory Kaizer (by ECF) (w/ enclosure)